# IN THE SUPREME COURT OF THE STATE OF NEVADA

VIRGIL WALKER WOODS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69237

FILED

SEP 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, burglary while in the possession of a firearm, home invasion while in the possession of a firearm, and three counts of assault with a deadly weapon. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Virgil Woods, Jr., went to his ex-girlfriend's apartment, fought with Joshua Oglesby, and then left. Witnesses testified that approximately 15-25 minutes later, Woods re-entered the apartment holding a gun and looking for Oglesby. Another fight ensued, during which Woods shot and killed Oglesby.

During trial, Woods argued self-defense and sought evidence relating to Oglesby's criminal history of violence. Woods subpoenaed Oglesby's previous public defender for Oglesby's client file. The district court quashed the subpoena, ruling that the attorney-client privilege existed posthumously. After an in-camera review of the public defender's file, the district court turned over the case's complaint, and a witness statement, but withheld the police report.

After a five-day jury trial, Woods was convicted of first-degree murder with the use of a deadly weapon, burglary while in the possession of a firearm, home invasion while in possession of a firearm, and three

17-33064

counts of assault with a deadly weapon. The district court sentenced Woods to an aggregate total sentence of life in prison with the possibility of parole after 436 months.

## DISCUSSION

Woods argues that the district court erred by finding that Oglesby's public defender could assert the attorney-client privilege after Oglesby's death. Woods further argues that the district court erroneously failed to balance the exculpatory value of the potential evidence against the policy behind the privilege and did not conduct an in-camera review of Oglesby's client file. We disagree.

We review rulings on attorney-client privilege under the harmless-error standard. *Manley v. State*, 115 Nev. 114, 121-22, 979 P.2d 703, 707-08 (1999). In deciding whether any error was harmless, this court must determine whether the error "contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23 (1967).

"A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications: 1. Between the client . . . and the client's lawyer." NRS 49.095(1). "The person who was the lawyer at the time of the communication may claim the privilege but only on behalf of the client. The person's authority to do so is presumed in the absence of evidence to the contrary." NRS 49.105(2).

The attorney-client privilege generally survives the termination of the relationship and the death of the client. *Clark v. Second Judicial Dist. Court*, 101 Nev. 58, 61, 692 P.2d 512, 514 (1985), *declined to follow on other grounds by Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 891 P.2d 1180 (1995). The attorney-client privilege exists posthumously even if the information sought is relevant to a criminal proceeding. *Swidler & Berlin v. United States*, 524 U.S. 399, 409 (1998). In

*Swidler*, the appellant argued for a criminal-case exception to the privilege where information sought was "of substantial importance" to the case. *Id.* at 408. The Supreme Court rejected this limited exception reasoning that "[b]alancing *ex post* the importance of the information against client interests, even limited to criminal cases, introduces substantial uncertainty into the privilege's application. For just that reason, we have rejected use of a balancing test in defining the contours of the privilege." *Id.* at 409.

Here, we conclude that Woods' arguments are without merit. Oglesby's attorney-client privilege survived his death, and Oglesby's former public defender could presumptively claim the privilege on his behalf. Further, we will not apply a criminal case exception; even if the information were relevant to Woods' criminal proceeding, adopting a balancing test would introduce uncertainty into the attorney-client privilege's application. Finally, contrary to Woods' argument, the district court held an in-camera review of Oglesby's criminal file and gave Woods non-privileged information. Because we find that the district court properly upheld Oglesby's attorney-client privilege posthumously, we conclude that the court committed no error in this regard. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]We have considered Woods' remaining claims and conclude that they do not warrant reversal.

cc: Hon. Eric Johnson, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk